May it please the Court, my name is Michael Friedman and I represent objectors appellants Pavel Prosyankin and John Doe. I'd like to reserve four minutes for rebuttal, please. All right, and you'll be doing all the argument? I will, yes, Your Honor. Okay, thank you. This case is now moot. Appellee Ilyas Khrapunov sought discovery here in the United States to support two specific applications, what the parties refer to as the discharge applications, and his underlying litigation with BTA Bank in England. After objectors filed their notice of appeal, the English Court of Appeal denied both discharge applications in final non-appealable orders. Found them totally without merit. Totally without merit, that's exactly right, Your Honor. As I understand it, the declarations here state that there's an avenue for is a procedure under English law to reopen final appeals. We believe that that does not support this section 1782 application for a number of reasons. First, well, I guess the first question I have is, and what is my standard of review for this determination? For mootness, Your Honor? Yeah. I would suggest it's de novo. But we're here on a issuance of a subpoena in aid of a proceeding, and so in front of me and in front of the court that was in front, that had this in front of it, it had to decide whether this was really moot or not, and I'm suggesting that on that determination, it was a discretionary decision that it wasn't moot, and why should I say it's an abuse? The factual circumstances have changed since both the magistrate judge and the district court looked at this issue. The orders... I guess I'm trying to figure out if they've changed, do I have the authority to look at the changes and change the order here? I believe you do, Your Honor. On an abuse of discretion standard? Well, I believe this court has the authority to look at it under its authority to... its inherent authority to supplement the record, to take judicial notice of documents about which there is no question about their authenticity, and... Why wouldn't I have to say, okay, if we've got new stuff coming and it looks pretty bad, let's send it back? Because there's no dispute here between the parties about the import of the records and about the effect of the documents, even now. Well, there's no dispute that the discharge applications have been denied in final, non-appealable orders. Mr. Krapanov's own expert says that the discharge applications have, quote, been finally determined against him, and also that the denial of the discharge applications are considered final. But if he were to get discovery and then could make a motion to reopen, then, which apparently is allowable, because one of the English barristers in an affidavit, I mean, we have that, that is a process that isn't just speculative. It is one that's available. I'm just not sure. It's it's a pretty low, it's a pretty low burden for them to on, to establish that it's not moot. I agree, Your Honor. Section 1782 creates a relatively liberal regime for discovery. There's no question about that. So if we were to remand the, to the district court to determine whether post-appeal developments in the English proceedings may have rendered the application for discovery moot, how would you envision the case playing out in district court? If the magistrate or district court were to conclude the case is not moot, would it, would we be right back here in a couple of years looking at the same questions before us now? I think you might be, because if the district court were to look at the evidence that is, has been presented to this court, and which I think this court can construe, can consider. First, I think the case would be found moot, but you're asking me if it was not found moot. I think Mr. Krapenau would be unable to satisfy the intel standard at that point, and in particular, the second and fourth prongs. The English courts have already looked at and completely rejected the exact arguments that Mr. Krapenau has presented here for why he needs the discovery in the United States. This is in Judge Smith's February 15th order, which is one of the documents that we've requested this Court take judicial notice of. But so you want us to look at that and be the ones to evaluate whether the proceedings are ongoing in England or whether they're done. That's what you're asking us to do? I think this Court can do it, and I think because there is no dispute between the parties about the status of the discharge applications, which I would remind the Court is the only use that Mr. Krapenau suggests that he needed the discovery here for in the United States, since there's no dispute that the discharge applications have been denied in final non-appealable orders, this Court can rule on this case and find that it is moot. But, okay, let's say we say that Mr. Krapenau has met the low burden to go forward. The district court, if it, if you're also asking for a ruling on whether it's dispositive or non-dispositive for the Court to get to that issue, and if it's a dispositive ruling, then it's de novo review as opposed to clear error, right? That's correct, Your Honor. And the district court did clear error. Correct, Your Honor. So let's just say, and you want it to be dispositive, right? Correct, Your Honor, yes. So let's say we agree with you on that, and it goes back, and then the, and I'm assuming that your argument would be that we can't apply harmless error because it's a different standard of review. I'm just, you may not be making any of those arguments, but just if it went back, mootness is something that can be reexamined at any stage in the proceedings as well, correct? Correct, Your Honor. So something could happen from now until then that could still make it moot? I believe that's correct, Your Honor. Mootness can occur at any point. At any point, the Court has, the Court can examine that. That is correct, Your Honor. So it wouldn't, if we decided it's not moot here, and we're going to get to whether it's dispositive or non-dispositive, a district court in the future would not, if it were remanded, would not be precluded from considering new evidence that comes about on mootness? The potential problem with that is if this Court on this record finds that this case is not moot, I believe it would preclude the district court from finding on the same record that it is in fact moot. Right, but other, but it's an ongoing process, there's always. But we wouldn't need to find that it was moot or not moot. We could say that's not something we want to do because we're here on an abuse discretion, we want to give the district court the first opportunity. We could do that, right? Yes, Your Honor. Let me go one further, since we've moved on to the next argument. What is my standard of review here for this decision? Abusive discretion of the district. So if I review the magistrate's ruling and the district court's denial of relief from that ruling under an abuse of discretion, what is the big deal about how the district court reviews the magistrate court? The distinction between the clear error review that . . . But no, I'm not asking you to tell me what the distinction is. It doesn't matter what happens in the district court or in the magistrate court, when it comes up to me, I have to do this on abuse of discretion. So I look at all the evidence and say, was there any abuse of discretion in making these decisions? So what's the big deal about whether the district court examines this by clear and convincing or the district court examines it to no vote? What's the difference? Why is there a difference? Under the clear error standard, the district court was precluded from considering new evidence that occurred after the magistrate . . . But I can consider it. But I can consider this. I can consider any evidence because I could quote you all the cases I have in my circuit where we've had this same thing happen and the magistrate court goes to the district court. Most of the time, the district court does it on abuse of discretion standards as it did in this case. We don't care what the district court says. It's the decision and we review it for abuse of discretion. And that's what we do here. We would say, everything here, we're looking at it, did they abuse their discretion in coming to the end result, end of story. I would say that the district court abused its discretion, the result that it reached . . . What do we care? All we're going to say is, is there an abuse of discretion in denying or not denying this relief? The abuse of discretion occurred by the failure to consider the subsequent developments in England . . . But we can consider those. I would suggest . . . They were in front of the district court. Except the district court did not consider them. Well, but they're in front of me. I would suggest that if this court holds that the district court applied the wrong standard of review to the magistrate judge's order, it would need to remand to the district court to make an initial . . . What case says that? In these circumstances, what case says that? Because I tried to find it. And I'm trying to deal with this in the most efficient manner, if you will. And I'm a big standard of review man. But I'm saying to myself, if the district court just sent it to the magistrate court to give them just some things to think about, and then they finally issue their decision, or whether they send it there and there's an actual decision made and then appealed to them, and then they make their decision, it makes no difference. It's like we do in, well, social security cases. Social security cases come to the magistrate court. Magistrate court makes the decision. The district court reviews what they say. And they make their decision. And we say, we do it on the same basis that the district court did, abuse of discretion. And we're saying nothing. What the district court says is of no essence to us. And I'm trying to figure out why you're making such a big deal. I can't find a case where I'm not going to put all that evidence in front of me and determine whether there's an abuse of discretion. I would suggest that the rule is set forth in Federal Rule of Civil Procedure 72, which sets forth how the district court is supposed to proceed when a matter has been initially decided by a magistrate judge. Well, I guess that's my concern, which is separate and apart from what Judge Smith is saying, is if it's dispositive or non-dispositive, it goes to what magistrate judges can do. Yes, Your Honor. So I couldn't really find any law that there is some things, there's some dicta out there. But I couldn't really find any law that says whether it's dispositive or whether it's non-dispositive. But if, in fact, this is a dispositive proceeding, then magistrates can't do it. I mean, they can do part of it, but it has to be reviewed de novo by the district court. That's correct, Your Honor. So are you, I guess you were talking abuse of discretion to Judge Smith. Are you abandoning your argument that it would be that the district court applied the wrong... Not at all, Your Honor. ...the wrong, should have reviewed de novo as opposed to abuse of discretion? Not at all, Your Honor. If the magistrate judge, in fact, issued an order and the district court reviewed it for clear error, as it did here, it was beyond the authority of the magistrate judge to do so because, as we've argued in our briefs, it is a dispositive matter and magistrate judges under the Magistrate Act cannot issue dispositive order, cannot issue orders on dispositive matters. I guess I'm trying to figure out if I can review this decision on an abuse of discretion basis and it is a dispositive order, why can't the district court? I'm sorry. I'm not sure I quite understand the question, Your Honor. Well, you suggest that this is a dispositive order. Yes, Your Honor. And you suggest that my standard of review is abuse of discretion. Yes, Your Honor. So I'm saying to myself, if I can review this on an abuse of discretion, even though it is a dispositive order, taking your allegations, why can't the district court? Because that's not what Federal Rule of Civil Procedures 72 says. That's not what your interpretation of them says. What I'm suggesting to you is that in this particular situation, since I can do it on an abuse of discretion, it would not be totally unusual for the district court to also do it under an abuse of discretion. I don't know that what you're citing in the rule, what part of the language of the rule says they cannot do this as an abuse of discretion. There's only one thing I know of that would say that, and that would say that if I say it's a dispositive motion, and because it's a dispositive motion, then I have to do it on de novo review. But this could be a dispositive motion under those same cases, and yet I don't review it on a de novo review. I review it on an abuse of discretion review. Giving the underlying decision makers all of the discretion they want to make this decision. Your Honor, I would suggest that you look at the administrative enforcement actions cases that we've cited to in our brief, which I believe are on all fours here. In those cases, courts throughout the country have held that when a magistrate judge rules on an administrative enforcement subpoena, EEOC, SEC, et cetera, it is a dispositive report and recommendation. The district court then has to review it de novo, and I believe the review of those issues is for abuse of discretion by this court. And so this is the exact same situation that we're in here. But your argument, the way I'm understanding your argument is that even though we would be abuse of discretion, if the district court looked at the case through the wrong lens, that a legal error then is a problem. And generally, if they didn't apply the proper standard of review, we send it back unless it would be harmless. That's exactly correct. And you're saying it would not be harmless? It would not be harmless because... But, okay. So there really aren't, but you know that, I guess on the dispositive, the Because that generally, if in some ways this looks like a discovery order, and generally in a regular civil case, a discovery order would not be something that would be dispositive. It's contained within a proceeding. So if we were to find that this is dispositive, like the administrative subpoena cases, which I agree have some, probably the closest we have. We don't have any case exactly that says that. Then, obviously, I always worry about what's so different about this type of procedure that it should be dispositive as opposed to just it's like, because, you know, evidentiary rulings, discovery rulings within a civil case, we say, yeah, that's not great that you, you know, that you lost or whatever, but there's a mechanism in play that can kind of correct it at the end, even though it's not a great moment to people after they lose a trial, then they have to appeal. But there is some review of it at that particular time, if they preserve it. Here you have proceedings. This is going to necessarily be, there's proceedings somewhere else, and then this is separate and apart. And my understanding in some of these, like, because, like Google's not a party to the lawsuits in Europe, right? That is correct, Your Honor. So there's no way that this discovery could be a part of that lawsuit? I'm not certain of the question to that. The avenue for discovery, they've sought, is through Section 1782. But it isn't as easy as if Google were a party to the lawsuit, it would be easier for that court to, I mean, what authority does that court have over Google? If Google is in its jurisdiction, perhaps it has authority, but I don't know the answer. Okay. Do we know where Google is in all of this or? Google has made no appearance and we believe has waived any objections to the subpoena by virtue of not appearing in the district court, filing any objections. At this point, Google, it's our understanding that Google would produce the information if the subpoena is allowed to go forward. Because whether or not there's going to be an additional, I guess, litigation over the subpoena factors into whether or not the magistrate's order denying your motion to cross was dispositive, doesn't it? Potentially, although I think, again, the administrative enforcement actions speak to that not being the end of the involvement here. What those cases say is when you're, when you finish ruling on the party's rights regarding enforcement of the subpoena, that makes it dispositive. Whether there might be a contempt proceeding later on for someone's failure to comply with a valid enforceable issued subpoena is, does not affect that dispositive, non-dispositive distinction. So if this is moot, then the court would enter an order vacating and ordering the district court to dismiss as moot? Correct, Your Honor. Okay. If it's not moot, then if we said that it wasn't moot, then if you're asking this court to say it was a dispositive order and that the district, that the magistrate didn't have the authority to make a ruling on a dispositive order, therefore, the district court should not have just reviewed it for clear error, should have reviewed it de novo, and that that defect, that the lens of the district court looked at it through is not harmless error, and so it has to go back? Correct, Your Honor. It would have to be remanded to the district court to conduct a proper review under the clear, I'm sorry, under the de novo standard. Well, yeah, that was a Freudian slip there. Considering, exercising its discretion, which it has, to consider additional evidence, including the evidence of the subsequent developments in the English proceedings, which have either mooted the proceeding or have, at a minimum, affected the calculation on the second and fourth intel factors, which relate to the receptivity of the foreign court. Here, the court has said it doesn't care about this information at all. And on the fourth factor, which is a balancing of the need for the information against the potential risk of disclosure. Okay. Regarding mootness, I just had two questions. I'll try to make it quick. Can you give me an example of what the likelihood of reopening would look like? Is it like a Rule 60B motion here? As far as I understand it, it is akin to Rule 60B. The appropriate, the rule in England is Civil Rule of Procedure 52.30. Our expert on English law has submitted a declaration here stating that it's a very high burden to meet. You have to show not just that there's new evidence, but also that the evidence would have affected the outcome. Given the February 15th, 2018 order of Judge Smith in England, in which he considered all of this evidence without it in hand, and nonetheless said, you don't win on your discharge applications. We would suggest that Mr. Krapenow has no likelihood of success on succeeding on reopening. It seems that your experts both agree that fresh evidence could lead to the petitions being reopened, but they have otherwise been conclusively resolved. So how do you propose we draw the line between proceeding, between a proceeding that is a reasonable contemplation and one that has been decided but that can be reopened? Isn't that still a proceeding in reasonable contemplation? Let me make three quick points about that. So first, I would suggest that the Court look at the Second Circuit's Euro MEPA decision, which says when someone applies for evidence to use in support of the proceedings on the merits, it's not appropriate to then convert the Section 1782 application into seeking evidence to support a motion to reopen the concluded proceedings. Did Intel expressly abrogate the eminence standard the Second Circuit relied on in that case? It did. It was in the Ishihara case, not in the Euro MEPA case. But I think the Euro MEPA's decision regarding these motions to reopen is the same. The Section 1782 application here cabined his use of the information, and Intel says you have to show that the information is for use in a proceeding in a foreign tribunal. That isn't just to say, I have a case, I want the evidence. You have to say, I have a case, and I need the evidence for the following reason. The following reason here was the discharge applications, those no longer exist. If, in fact, he needs it for a motion to reopen, that would be a separate use or perhaps even a separate proceeding. I would also say, this evidence is not new. As I just said a few moments before, Judge Smith considered all this evidence without it in his hands and said it would not make a lick of difference in the outcome in England. And so, I don't think Mr. Krapanoff can satisfy the standard under civil rule procedure 52.30. Thank you. Okay, thank you. We've taken you over, so you really don't have any rebuttal time. But after we hear from the other side, if any of my colleagues have any questions, I'll give you a little bit of time. Thank you. Okay? Thank you. Good morning. Good morning, Your Honors. May it please the Court, Matthew Dirks on behalf of Apelli Ilias Krapanoff. As the Court has just identified the issue, the question now before it is whether or not the district court abused its discretion in its July 3rd, 2018 order. Everyone agrees that the standard of review is for abuse of discretion. In answering that question, the primary question in turn is whether or not the magistrate's order was properly characterized as a nondispositive one and therefore reviewed for clear error, or whether it should have been characterized as a dispositive one and the magistrate should have instead issued a report and recommendation that would have then be reviewed de novo by the district court. It's. Then be agreed to or changed by the district court. Exactly, Your Honor. The district court. I mean, it's not an order. If it's a review and recommendation, there's no order in it. The district court could do whatever it wanted at that point. And then we would be right back here with this Court reviewing the district court's order for abuse of discretion. Correct. Having done a clear de novo review. With the district court having done a de novo review. Correct. Whether or not the district court reviews it de novo or for clear error, this Court will always be reviewing it for abuse of discretion. That's the way Congress set up the Section 1782 applications. It was designed to afford litigants broad discretion in reciprocal discovery obligations, to encourage foreign nations to respond to discovery. But Appellant has a much better chance to prevail under de novo than under clear error. Well, it's certainly a more restrictive standard and that is why they are seeking that. I mean, I would point out that district courts, at least in the northern district for the last 14 to 15 years, have uniformly reviewed magistrate orders, have treated magistrate orders as non-dispositive ones. But there's nothing published on that. So the fact that they've all done that isn't, that's what they've figured. It's not binding on this court. I mean, this is kind of a different, it's a little bit of a different animal than anything that we see otherwise because it, the administrative subpoena is what he, what Appellant is arguing is the closest akin and that clearly would be a dispositive situation. And I'm just trying to get my head around how these things come up because it's not like, it's not the same as when both sides are parties. You know, when both sides are parties, there's things that can happen in the proceedings. But I don't know what a court over there could do with Google. So one way or the other. So it seems like this situation could arguably be dispositive with, it's not like anything else. It's not exactly like a discovery dispute. It's, you know. I agree, Your Honor. It's its own animal. And I think the starting point for this is the Federal Magistrates Act of 1968, which enumerates various issues that magistrates may not decide on their own. And that list includes matters like summary judgment motions, motions for judgment on the pleadings, a motion to dismiss an indictment, and injunctive relief. There is nothing in there remotely related to Section 1782. And it's worth noting that Section 1782 was enacted 20 years before the Federal Magistrates Act. So in 1948, Congress passed Section 1782. They could have included Section 1782 in the list of issues that magistrates may not decide, that they lack authority to decide on their own. Congress chose not to do that. Moving down to Rule 72, Rule 72 implements the Federal Magistrates Act. And under Rule 72, the test is the following, whether the magistrate order conclusively resolves a claim or a defense for a party. None of those three criteria are satisfied here. The appellants have repeatedly disclaimed the fact that they are parties. In all of their briefing to the magistrate and the district court, they have said they are non-parties. And they are not a party to the subpoena application. So what's your best legal authority? And you've said that all the district courts have been doing this, but I'm not going to consider that. That's not published. So what is your best legal authority for the position that rulings on Section 1782 applications are non-dispositive? Well, interestingly, Your Honor, this Court has a published decision from 2002, the Four Pillars v. Avery-Denison case, and we cite that in our brief. And in that case, the factual situation was virtually indistinguishable from this one in that there was an applicant seeking a subpoena under Section 1782, another party moved to quash that. The magistrate granted in part and denied in part the motion to quash. The district court then relatively conclusively, in a conclusory fashion, affirmed the magistrate. This court then looked down through the district court order and reviewed for abuse of discretion the magistrate court's order. So this court was willing to apply the abuse of discretion standard to the magistrate court, and it also applied the abuse of discretion standard to the district court. Did it say whether it was dispositive or non-dispositive? That issue was not discussed at all in that case. So the case obviously does not answer the Court's question squarely, but I think it suggests that this Court would consider a magistrate order on a 1782 application as a non-dispositive one in that context. Well, what about Flam? So Flam would be the third point after the Magistrates Act. After Rule 72, we get to this Court's decision in Flam and its embrace of the functional approach in deciding whether or not a 1782 order is, in fact, dispositive or non-dispositive. But in Flam, we held that an order remanded to state court is dispositive because its effect is to end all federal proceedings, even though the order did not resolve the underlying dispute. So that seems like it goes against you. I would disagree, Your Honor. I think it might be the end of the road for the appellants in this case, but it's certainly not the end of the road for Mr. Kropenoff. He — so Google, as counsel just conceded, has not even made an appearance at any court at any level yet. We have no idea how Google is going to respond to this subpoena. But hasn't the time for Google to object passed? Their time to file a motion to quash or to object has passed, but that doesn't mean that they're going to necessarily give up all the information. We — I mean, I think there's a strong likelihood that Mr. Kropenoff will be engaged in further motions to compel with Google should Google refuse to comply with the subpoena or should Google comply in part and refuse to comply in part. But that's a question that we just don't have the answer to right now. And — But doesn't it seem that Google's waived, you know, any right to resist compliance with the subpoena at this point? Well, let's say they refuse to produce the information. Mr. Kropenoff will have to go back to the trial court and file a motion to compel, and the proceedings will continue in the trial court. This Court — I guess I think what we can say at this point is this trial court cannot say with certainty that there will not be additional litigation in the trial court in connection with the subpoena. And if that's the case, then the order is — was correctly characterized as a nondispositive one as opposed to a dispositive one. Let's talk about mootness, if you don't mind. I'd like to ask you, where do we draw the line, similar to the question I asked previously, on what constitutes a proceeding being in reasonable contemplation? Well, I think there's two issues there. So addressing the mootness issue, the appellants, I think, have confused the doctrine of mootness with the question, the statutory factor of whether or not the material is sought for use in a foreign proceeding. In In re Burel, this Court — it's a case cited in their opening brief, by the way, setting forth the standard for mootness — this Court identified the following test for mootness. And the test is the following. If this Court were to rule in favor on the merits of a party, would that party then be entitled to some form of relief? If the answer is yes, the case is not moot. That test is easily satisfied in this case. If this Court were to rule in favor of Mr. Krapunov and affirm the district court, then Mr. Krapunov would be entitled to some form of relief in the sense that he would then be entitled to pursue this information from Google. So there's no Article III jurisdiction issue here. There's no lack of case or controversy. This Court can order the relief in that it can allow Mr. Krapunov to pursue the subpoena from Google. The separate issue, which has been conflated with mootness, is whether or not the information sought is for a foreign proceeding, which is the — the intel factor, whether it's reasonably contemplated that the information would be for use in a foreign proceeding. As intel said, the — the foreign proceedings need not be pending. They need not be imminent. They need only be reasonably contemplated. And as their experts have conceded, there is — Mr. Krapunov can still present that information to the foreign proceeding. But — But I have some concerns about that section, you know, 1782. The way you're asking us to interpret it, it just seems to open up to district courts for a phishing expeditions. You know, what about, you know, pre-litigation discovery? I mean, does that fall under Section 782 as well? I mean, a litigant can say, I guess, I'm reasonably contemplating filing a lawsuit in England, so intel is satisfied. It just seems like — Factual question that a district court would have to answer, similar to factual questions they answer all the time. And if the applicant can show that the proceeding is reasonably contemplated, then — When, in your view, I guess, would a foreign proceeding be sufficiently conclusively resolved that discovery under 1782 would not be available? Well, I think an instructive case on that is the Court's 1977 opinion cited in our brief. It's the in-ray request for judicial assistance from the Seoul District Criminal Court. And in that case, the applicant came to the United States from proceedings in South Korea and sought information under 1782. The opposing party filed a motion to quash and said, look, the trial proceedings in South Korea have concluded. They are now on to the appellate court in South Korea. This court should deny the application because you can't admit new evidence on an appellate proceeding in South Korea. And this court said, we are not going to get into those technical questions of a comparative law analysis as to whether or not the information may or may not be admissible in that foreign proceeding. They've shown a reasonable likelihood — and this is pre-intel, by the way — they've shown a reasonable likelihood that they'll be able to use that information. And again, it's just for use. It's not — it doesn't need to be admissible. It doesn't need to be relevant. It just needs to be for use. Why is the case here? I mean, why couldn't all of this have been done in England? And they have subpoenas or some type of comparable process, it seems like, in England. And I'm sure Google probably has offices there. So I'm just trying to make sense of why it needed to be in the Northern District of California. I believe it was filed here both because our courts afford litigants that opportunity under Section 1782, and Congress has enacted that for this very reason, and Google is headquartered here. And so it seemed to make the most sense to bring the 1782 application here rather than to pursue that. Again, Your Honor, so I am not a legal expert on British law, and I don't know what type of discovery procedures are available there. And I think the precedent — this Court's precedent included would suggest that this Court need not be an expert on British law to try and decide whether or not an applicant here is entitled to information for use in a foreign proceeding. Would it be a different question if Google were a party? Well, I think if Google were a party in the British proceedings — In the English, yes. Well, certainly then there — I would suspect, again, I'm not a British law expert, but I would suspect there would have been some discovery mechanism under British law through which this material could have been sought. And I think that would have weighed against using 1782 as a vehicle to obtain the discovery, because if the discovery is available in the foreign proceeding, then I think generally courts here prefer litigants to use those foreign proceedings. Let me go back just a little bit. At this point, the district court has determined that it isn't moot, and I review that on an abuse of discretion basis. Now we have more evidence in front of us. Can I decide that, even if I have more evidence? So I think — well, can you decide whether the issue is moot? Whether it's moot. This Court always has, I think, the inherent ability to determine it's moot. Okay. So if I determine in my own discretion that based on this new evidence, you're saying I can decide it, can I look at it, should I grant the motion for judicial notice? No, you should not, because — Because that's the evidence he wants to get in. Well, does this Court — I mean, what they are asking this Court to do, essentially, is conduct de novo review of their measure of law. I understand, but if I can determine mootness and there's more evidence to be put in, why can't I grant the motion for judicial notice and decide what the evidence is and make my determination? Because I think the first step in that analysis would be to decide — it would be to apply the mootness test from In re Perel. I understand. If this Court applies that test and it grants relief, if it finds for Mr. Kropenoff on the merits, then there's relief available to him and that he could pursue the subpoena for it. What if I go the other way? And you find that there is — well, then, certainly the Court could — it is free to — My worry about this is this. Here I am looking at this decision. I know I have an abuse of discretion standard to review. Now I have new evidence that's come up. Somebody wants me to look at that evidence and make that decision. My — I'm trying to figure out from you, based on your viewpoint, whether I can do that here. You suggest I can. So if I do that, then I grant the motion for judicial notice. I take judicial notice of the stuff, and I say, hey, this is done, moot, end of story. Well, there — I think if the Court — so, first of all, we don't think they satisfy the mootness standard. If the Court disagrees — I would also just point out the fact that these — the two final orders that they point to were both issued after the district court issued its order. So it's July 25th — I understand that as well. Okay. So — I mean, all it is is whether I can look at this new evidence. And if I can, which you say I can make the decision in nouveau, if I can make this decision, then why can't I look at this evidence to make it, and then I can make the decision? Or what are you telling me? I've got to send it back to the district court to make this decision? If I don't have to send it back to the district court decision, I can make it here. Well, I think — And why shouldn't I make it based on this new evidence? Well, I — I mean, I've given you your best shot now. If it's in front of me, and now I have the evidence, why shouldn't I say that it isn't moot? Well, this Court's not a court of first impression, so you'll be wading through — But you said I could do it. You just said we could make the decision. You can, if the Court so chooses. But there are — Well, then give me your best argument. Don't say I shouldn't do it. Give me your best argument. Well, there are reasons not to, including because this Court generally has the benefit of having lower court review. The lower court wade through the factual evidence. Well, supposing I don't want to do that. What's your best argument that this case is not moot? Because when the district court issued its opinion on July 3rd, there was no — this Court — there is no way for this Court to find that that Court abused its discretion. Well, that's not it. Is there any other evidence out there that you would argue to the — to the district court as to why this wasn't moot? Well, their own expert concedes it's not moot. If you — if you — Well, based on the evidence in front of the district court. But now we have more evidence. And that's what's in the judicial notice evidence. Now, tell me why, based on getting that evidence, it's not moot. Well, their expert still concedes. So the new evidence that they're asking this Court to review does not establish mootness, even if the Court were to find it. I think it comes pretty close. Well, so Mr. Krapunov has — so they basically — I'm not saying it does. Let's — supposing I say it does. Supposing you say their new evidence establishes that the case is moot. Well, this Court — And you said then I have the right to make the decision that's in this case. This Court could wade through the 70-plus pages of legal opinions that they have dumped in front of it, and it could wade through the new — the legal opinions and the expert opinions, deciphering that information for this Court so that this is moot. There's no reason for this Court to do that. I mean, unless — so here's — here would be a classic example of mootness. Suppose we all woke up this morning and Google ceased to exist, and there was no possibility that Mr. Krapunov would be able to obtain this information from Google. Then that would be an easy question for this Court, that this Court would be able to say, as it does in criminal cases all the time, when the defendant dies, for example,  is arguing the extremes as to whether it's moot or not. When a decision is final in the Supreme Court, and they've made that decision, and it's over, the fact that it might be reopened for some extreme other circumstance would not seem to be something to me that I have to say, okay, the guy's not dead, so I can't say it's not moot. That's what you're really saying. Well, I think that what you're getting to is the question of the admissibility in the U.K. courts. But that's an issue that should be left to the U.K. proceedings. This Court — So I have — I guess I have a question. Let's assume that we admit the documents that — of what has occurred. Is there anything in those documents that undermines what the expert said about a motion to reopen? Is there anything that we can know here that — is the motion to reopen still available? Not only is it available, and they haven't — they actually concede that it's still available. Their experts acknowledge the fact that it is available. But Mr. Krapunov has already prevailed on one of these motions to reopen just last year. So the notion — Just a minute. I don't believe their experts concede it's not available based on the new evidence. I've never seen that. So I may have misspoken. What I — what I meant to say was that their experts have conceded that that procedural vehicle remains available in the sense that — And without the new evidence — without the new — With the new evidence. In other words, he would need to present the courts with new evidence. So you seek to reopen the proceedings with new evidence. It's a — it's part and parcel of the same proceedings that have been decided, but you bring new evidence, which would be the evidence that he is seeking to obtain from Google. And I would also — But does that — does the — does that affidavit say that? Let's assume that the other documents are admitted. Is the motion to reopen still available? Is he saying that in the affidavit it's still available even if the procedural status is what those documents say? I believe so. And our expert says the same thing. If you're going to — I mean, if you're going to allow this new information in, then we would, you know, obviously request that you allow our new information in as well. And our expert says yes, that that absolutely remains an avenue that is available to Mr. Krapunov to introduce new evidence. And I would also just say that — so in his subpoena application, he identified two specific hearings, because those hearings — so this is a subpoena application that was filed August — Well, we're way over. But the question is — I'm done. My colleagues don't have any additional questions. So you're six minutes over, just like they were. Do you have any — do either of you have any additional questions? No. Of appellant? All right. Then this matter will stand submitted. Thank you both for your arguments. Oh, let's see. Do we have a fire drill? Carol, would you go find out what this is all about? I think the bailiff just went out. Oh, okay. It might be someone stuffing me. Oh, okay. Do you want to take a break now or before the next one? It's up to you. Either way, I defer. Yeah. Are you okay if we go to the next one and then take a short break? Go for it. Okay. Whatever you say, madam.
judges: Callahan, N.R. Smith, Murguia